IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**GREGORY P. PRITCHETT,**

        **Petitioner,**

**v.**                                      **Civil Action No. 3:20-CV-24
(GROH)**

**R. HUDGINS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On February 7, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Petitioner filed an amended petition on September 16, 2020.  ECF No. 14.  Petitioner is a federal inmate who is housed at Gilmer FCI who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Kentucky. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.    FACTUAL AND PROCEDURAL HISTORY[2]

#### A.    Conviction and Sentence

On June 14, 2018, Petitioner was indicted for three counts of distribution of a Schedule II controlled substance.  ECF No. 3.  A superseding indictment was returned

---

[1] All CM/ECF references are to the instant case, 3:20-CV-24, unless otherwise noted.

[2] All CM/ECF references in Sections II.A., II.B. and II.C. refer to entries in the docket of Criminal Action No. 2:18-CR-21 in the Eastern District of Kentucky.

on August 9, 2018, which charged Petitioner with five counts of distribution of a controlled substance, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 17.  The superseding indictment also included a forfeiture count.  Id.

On November 20, 2018, Petitioner was convicted pursuant to his plea to Count 6 of the superseding indictment.  ECF Nos. 29, 42.  As part of his plea, Petitioner waived his right to appeal the guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel.  Id. at 2.  Further, Petitioner entered a plea of guilty to the forfeiture allegation related to cash and the firearm found in his possession.  ECF Nos. 17, 29.  At the time Petitioner entered his plea of guilty to 2:18-CR-21, he was on supervised release for his conviction for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), in case number 2:06-CR-93, in the Eastern District of Kentucky.

On April 19, 2019, Petitioner was sentenced to 188 months of imprisonment, which sentence was ordered to run consecutively to the sentence Petitioner was serving for his conviction in 2:06-CR-93.  ECF No. 39 at 2.   On January 19, 2022[3], an amended judgment was entered which reduced Petitioner's sentence to 141 months to be served consecutively to the sentence imposed in 2:06-CR-93.  ECF No. 53.

**B.     Direct Appeal**

A review of the docket and PACER shows that Petitioner did not directly appeal

---

[3]  The amended judgment based on a Rule 35(b)(2)(B) motion filed by the United States was imposed on January 19, 2022, but the amended judgment was not filed by the Clerk until January 20, 2022. ECF No. 53.

his conviction or sentence.

### C.    Motions to Vacate Pursuant to § 2255

A review of the docket and PACER shows that Petitioner did not file any motions

to vacate his conviction or sentence pursuant to § 2255.

### D.    Claims in Instant § 2241 Petition

The amended petition challenges Petitioner's sentence in the Eastern District of

Kentucky, case number 2:18-CR-21.  Petitioner raises four grounds for relief: (1) that the

predicate offense of felonious assault in Hamilton County, Ohio, case number B904169,

which was used to enhance his sentence under 18 U.S.C. § 924(e)(2)(B) is no longer a

qualifying predicate offense for Armed Career Criminal Act (ACCA) designation [ECF No.

14 at 5]; (2) that the trial court erroneously failed to consider the records of his prior

convictions and sentences, and instead made its own factual findings[4] [Id. at  6]; (3) that

his predicate offense committed in Kenton County, Kentucky, case number 91CR298, is

no longer a qualifying predicate offense for ACCA designation because the First Step Act

"replaced 'serious drug offense' with serious drug felony requiring offenders release within

15 years of instant offense", but his prior offense occurred 18 years before the instant

offense [Id. at 7]; and (4) that his counsel was ineffective for failing to challenge

Petitioner's prior convictions [Id.].  Petitioner asserts that no other court has heard these

challenges to his sentence.  Id. at 10.

Petitioner seeks vacation of his 188-month sentence, and that he be resentenced

under the "original" guidelines.  Id. at 14.

---

[4]  Petitioner cites to a case outside of this Circuit in support of his claim.  See U.S. v. Rosa, 507
F.3d 142 (2nd Cir. 2007).

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon, baseless

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court

lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The

---

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[6]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

   a.   The date on which the judgment of conviction becomes final;
   b.   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   c.   The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   d.   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

As to his first three grounds for relief articulated in the petition, Petitioner claims that his sentence imposed under 18 U.S.C. § 924 was invalid because the prior offenses used to qualify him as an Armed Career Criminal were improper.  Petitioner asks the Court to vacate his 188-month sentence imposed in the Eastern District of Kentucky, case number 2:18-CR-21.  The Court takes judicial notice that Petitioner's 188-month sentence has already been reduced to 141 months.  E.D. Ky. 2:18-CR-21, ECF No. 53.  Petitioner also asserts that he is entitled to the requested relief because his counsel failed to raise potential relief based on the First Step Act.  ECF No. 14 at 7.  Petitioner seeks to be resentenced under the "original" guidelines.  ECF No. 14 at 11.

Petitioner challenges only his sentence, not his conviction.  Accordingly, the undersigned need not perform a Jones analysis.

Petitioner was convicted of a violation of § 924(g) in case number 2:18-CR-21, after a prior conviction in case number 2:06-CR-93, also for violating § 924(g).  Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

As to Petitioner's first and second claims that his sentence was improperly enhanced, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the

8

second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.[8]   The substantive law regarding § 922(g)(1) has not changed.  The crime Petitioner was convicted of committing—being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)—is still a violation of law.  Further, when he committed the instant offense, Petitioner was on supervised release for a prior violation of the same statute.  Thus, there is nothing to apply retroactively on collateral review, and Petitioner fails to satisfy the second prong of the Wheeler test.  Accordingly, because Petitioner fails to meet this requirement of the Wheeler test, the undersigned need not address the other prongs of Wheeler.

Petitioner's third claim also asserts that his sentence was improperly enhanced, and that the First Step Act established a 15-time limitation on prior offenses to be used for enhancement of sentence purposes.  However, the First Step Act applies to sentences imposed for violations of law related to controlled substances, not to sentences for violations of 18 U.S.C. § 922.  Accordingly, as to his third claim for relief, Petitioner cannot meet the second prong of the Wheeler test, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.  The First Step Act did not constitute a substantive law regarding appropriate sentences for violations of § 922(g)(1).  Accordingly, because Petitioner fails to meet the requirements of the second prong of the Wheeler test, the undersigned need not address the other prongs of Wheeler.

---

[8] Petitioner fails to assert any change in the law to support his first or second claims for relief.

9

As to his fourth claim for relief, that he received ineffective assistance of counsel, Petitioner asserts that his counsel was ineffective by failing to challenge the prior convictions which were used to enhance his sentence.  ECF No. 14 at 7.  Petitioner asserts that his counsel "should have been aware" how the First Step Act, which was passed before his sentencing, would have provided him a more favorable result.  Id. at 10.  As noted above, the First Step Act does not apply to sentences imposed for violations of 18 U.S.C. § 922.  Again, Petitioner is unable to meet the second prong of the Wheeler test, because the settled substantive law related to sentencing for violations of § 922 has not changed, nor been deemed to apply retroactively on collateral review.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, as to any of his claims, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the amended petition [ECF No. 14] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:        February 2, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE